**EXHIBIT A**

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com
www.paulmankin.com
Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2016-Oct-27  15:53:11
CLERK OF THE COURT
9000218
This case has been assigned to
Judge TIMOTHY W SALTER
Department 22,
for all purposes including trial
Filing Fees: $225.00
By: Kathy Cardona

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF STANISLAUS
LIMITED JURISDICTION

Case No. 9000218

SANDIE KHATKAR,

Plaintiff,

vs.

COLLECTO, INC., dba EOS CCA, and DOES 1 through 10, inclusive,

Defendant.

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.     Plaintiff, Sandie Khatkar ("Plaintiff"), is a natural person and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff at all relevant times with respect to this complaint was a resident of the City of Riverbank, in the County of Stanlislaus, in the State of California.

3.     At all relevant times herein, Defendant, Collecto, Inc. dba EOS CCA ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5), and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5.     Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted by Plaintiff in an attempt to collect an alleged outstanding debt.

7. Plaintiff has been receiving daily calls from Defendant since approximately October 2015.

8. On information and belief, Plaintiff receives multiple calls a day from Defendant, the purpose of which is to annoy and frustrate Plaintiff.

9. As an illustrative example, Defendant contacted Plaintiff on four times on March 9, 2016 at 10:46 am, 10:47 am, 10:47 am, and again at 10:47 am.

10. Furthermore, Defendant is contacting or attempting to contact Plaintiff for an alleged debt owed that does not belong to Plaintiff.

11. Plaintiff has informed Defendant that Defendant is attempting to collect an alleged debt which Plaintiff does not owe.

12. Plaintiff has demanded that Defendant cease contacting Plaintiff regarding the alleged debt owed. Despite this, Defendant has continued to call Plaintiff.

13. The natural and probable consequences of Defendant's conduct in contacting Plaintiff were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692(d));

   b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

   c) By attempting to collect an amount not legally owed (§1692e(2));

   d) By communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time known or which should be known to be inconvenient to the consumer (§ 1692c(a)(1));

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

f) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ. Code §1788.11(d)).

15. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this October 18, 2016

By: _____
Paul Mankin, Esq.
Attorney for Plaintiff